UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Alonzo Ferguson,  Civ. No. 08-5195 (PAM/FLN)

Petitioner,

v.  **MEMORANDUM AND ORDER**

Terry Carlson, Warden,

Respondent.

---

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Franklin L. Noel dated May 21, 2009. In the R&R, the Magistrate Judge recommended that the Court deny the Petition for a Writ of Habeas Corpus in its entirety and dismiss this action with prejudice. Petitioner filed a timely objection to the R&R.

According to statute, the Court must conduct a de novo review of any portion of the Magistrate Judge's opinion to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). Based on that de novo review, the Court adopts the R&R.

**BACKGROUND**

The full background facts are set forth in the Report and Recommendation. Because Petitioner's objection to the R&R presented no factual challenges this Court will only provide a synopsis of relevant facts.

Petitioner was convicted in Minnesota state court for the murder of Allen Wheatley, Jr. That conviction was later set aside, and Petitioner was granted a new trial. The second

trial resulted in a hung jury, and he was then tried for a third time. The voir dire stage of the third trial is at issue here.

During voir dire, the potential jurors filled out written questionnaires providing information about themselves. They were then interviewed individually. An African-American venireman, identified as "Juror 21," was questioned by both the trial court judge and Petitioner's attorney. When questioning was completed, Petitioner's counsel said that Juror 21 was acceptable to the defense. The prosecutor immediately exercised a peremptory strike against Juror 21, without asking him any questions. Petitioner's counsel then raised a Batson challenge pursuant to the United States Supreme Court's decision in Batson v. Kentucky, 476 U.S. 79 (1986), arguing that Juror 21 had been improperly stricken from the jury panel based solely on race. The trial judge overruled Petitioner's challenge, concluding that he had not made out a prima facie case of a Batson violation.

The third trial resulted in Petitioner's conviction. Petitioner then filed a direct appeal with the Minnesota Court of Appeals. He raised several claims on appeal, including the Batson claim currently in dispute. The Court of Appeals rejected Petitioner's challenges, and the Minnesota Supreme Court summarily denied his petition. He subsequently filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, contending that his Batson claim was improperly rejected.

## DISCUSSION

### A.     Standard of Review

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") strictly limits a federal court's power to review habeas petitions brought by state-court prisoners. In particular, the AEDPA restricts the Court's review to state-court adjudications of the direct appeal or habeas petition that:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

As the Magistrate Judge correctly stated, the Eighth Circuit Court of Appeals has held that where, as here, a prima facie case under Batson is at issue, the trial court's ruling should be reviewed as a finding of fact. United States v. Moore, 895 F.2d 484, 485 (8th Cir. 1990). Therefore, when a state court analyzes a peremptory strike under Batson, a federal habeas review should be governed by section 2254(d)(2), not section 2254(d)(1). When a habeas petition falls under subdivision (2), relief may be granted only if the conviction is based on findings of fact that could not reasonably be derived from the state court evidentiary record. Because state court factual determinations are presumed to be correct, they "may be rebutted only by clear and convincing evidence." Lee v. Gammon, 222 F.3d 441, 442 (8th Cir. 2000) (citing 28 U.S.C. § 2254(e)(1)).

**B.     The Batson Claim**

The Court uses a three-step analysis to determine the merits of a claim that a prosecutor has exercised a peremptory challenge based on the race of a prospective juror. Batson, 476 U.S. at 96-98.  First, the defendant must make a prima facie case that the prospective juror is a member of an identifiable racial minority and that the individual was stricken because of his or her race.  Id. at 96.  Second, provided the defendant makes the requisite prima facie showing, the burden shifts to the prosecutor to show that a racially neutral reason exists for striking the potential juror.  Id. at 97.  Finally, the court must determine whether the prosecutor proffered a neutral explanation.  Id. at 98.  Because the state court concluded that Petitioner failed to satisfy the first prong of the analysis, this Court will address only that issue.

In addressing the appropriate application of the first prong, the U.S. Supreme Court has stated that:

> We did not intend the first step to be so onerous that a defendant would have to persuade the judge—on the basis of all the facts, some of which are impossible for the defendant to know with certainty—that the challenge was more likely than not the product of purposeful discrimination.  Instead, a defendant satisfies the requirements of Batson's first step by producing evidence sufficient to permit the trial judge to draw an inference that discrimination has occurred.

Johnson v. California, 545 U.S. 162, 170 (2005).  Keeping this standard in mind, the first prong of the Batson analysis must nevertheless be reviewed as a finding of fact.  Moore, 895 F.2d at 485.  This Court will only reverse a state court's factual determinations on a showing of clear and convincing evidence.  Lee, 222 F.3d at 442 (citing 28 U.S.C. § 2254(e)(1)).

4

Petitioner fails to carry that burden here. It is indisputable that the putative juror is a member of an identifiable racial minority; however, Petitioner's arguments that Juror 21 was stricken because of his race are not convincing when viewed in the totality of the circumstances. Petitioner makes much of the fact that the prosecutor exercised peremptory strikes on two minority jurors (Jurors 1 and 21) without asking any questions; however, he struck two non-minority jurors (Jurors 22 and 37) only after questioning them. (Pet'r's Objections to R&R at 2). This claim ignores the fact that the prosecution had already accepted an African-American juror before executing the peremptory strike on Juror 21, and that two more African-Americans were later added to the jury. Additionally, this Court agrees with the Magistrate Judge and the Minnesota Court of Appeals in finding that the prosecutor's lack of questioning in the instances listed above is reasonably explained by his opportunity to review Juror 21's responses to the written questionnaire and to listen to questioning by both the trial judge and defense counsel.

**CONCLUSION**

The Court cannot conclude that, by a clear and convincing evidence standard, the state court acted in derogation of federal law. As Magistrate Judge Noel concluded, the Petition must be denied.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The Report and Recommendation (Docket No. 13) is **ADOPTED**;

2. The Petition for a Writ of Habeas Corpus (Docket No. 1) is **DENIED**; and

3. This matter is **DISMISSED with prejudice**.

Dated: Tuesday, June 30, 2009

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge